IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

|  |  |  |
|---|---|---|
| DANYIL K., [1] | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:25-cv-242 |
| | § | |
| PAMELA BONDI, *et al.,* | § | |
| *in their official capacities*, | § | |
| Respondents. | § | |

## REPORT AND RECOMMENDATION
## TO DENY PETITIONER'S HABEAS PETITION

Before the Court is Petitioner's "Verified Petition for Writ of Habeas Corpus" (Dkt. No. 1) ("Petition"), Respondents' "Response to the Petition for Writ of Habeas Corpus and Motion to Dismiss and, in the Alternative, for Summary Judgment" (Dkt. No. 9) ("Response"), and Petitioner's "Reply to Respondents' Response to Petition for Writ of Habeas Corpus and Petitioner's Opposition to Respondents' Motion to Dismiss and, in the Alternative, for Summary Judgment" (Dkt. No. 13) ("Reply").

The Petition effectively rests a single two-step premise: that "individuals who establish *prima facie* eligibility for TPS shall be provided with the benefits under 8 U.S.C. § 1254a until a final determination on their eligibility has been made," Dkt. No. 1 at 16, and that one of those benefits is a bar on detention, *id.* at 17.

This premise fails at its second step. It is true that 8 U.S.C. § 1254a(a)(4) provides that an "alien who establishes a prima facie case of eligibility for benefits under paragraph (1) shall be provided such benefits" while they await a "final determination" of TPS status. 8 U.S.C. § 1254a(a)(4). But those are, by the statue's terms, the "benefits under paragraph (1)," *id.*, which only include protection from removal and employment authorization, 8 U.S.C. § 1254a(a)(1); *see also* 8 C.F.R. § 244.10. The prohibition on detention Petitioner

---

[1] Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the petitioner only by first name and last initial.

cites is instead found in § 1254a(d)(4), which applies to "[a]n alien provided temporary protected status," not an alien awaiting that status. 8 U.S.C. § 1254a(d)(4); *see also Geincharles v. Rokosky*, No. 26-C-00150-ESK, 2026 WL 266093, at *2 (D.N.J. Feb. 2, 2026); *J.G.J. v. Sage*, No. 3:26-CV-706, 2026 WL 915576, at *8-9 (M.D. Pa. Apr. 3, 2026).

Because Petitioner's detention is not currently prohibited by statute, it is recommended that the Court (1) **DENY** the Petition (Dkt. No. 1), and (2) **DIRECT** the Clerk of Court to close the case.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge assigned to the instant case. 28 U.S.C. § 636(b)(1). When filing an objection, a party must object to specific facts or legal findings in this Report and Recommendation. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

Signed on April 17, 2026.

Karen Betancourt
United States Magistrate Judge